**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 00-4817

HASSON LEWIS FLOYD,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-5)

Submitted: July 24, 2001

Decided: August 6, 2001

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Theodore M. Cooperstein, THEODORE M. COOPERSTEIN, P.C.,
Washington, D.C., for Appellant. Robert J. Conrad, Jr., United States
Attorney, David A. Brown, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Hasson Lewis Floyd appeals his conviction and sentence after being convicted in a jury trial of aiding and abetting bank robbery, in violation of 18 U.S.C.A. § 2113(a) (West 2000) and 18 U.S.C. § 2 (1994); aiding and abetting larceny from a bank, in violation of 18 U.S.C.A. § 2113(b) (West 2000) and 18 U.S.C. § 2 (1994); aiding and abetting assault with a weapon during bank robbery, in violation of 18 U.S.C.A. § 2113(d) (West 2000) and 18 U.S.C. § 2 (1994); discharge of a firearm during bank robbery, in violation of 18 U.S.C.A. § 924(c)(1)(a)(iii) (West 2000); and assault on an officer inflicting injury, in violation of 18 U.S.C.A. § 111 (West 2000). On appeal, Floyd argues the facts predicating his 18 U.S.C.A. § 3559(c) enhancement should have been submitted to a jury and proven beyond a reasonable doubt, an assault against a county jailor acting within a federal contract does not qualify under 18 U.S.C.A. § 111, and his counsel provided ineffective assistance. Finding no reversible error, we affirm.

Pursuant to a government information, the district court found Floyd met the requirements of 18 U.S.C.A. § 3559(c) and sentenced him to two consecutive terms of life imprisonment. Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any fact other than a prior conviction that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. The Court recognized its decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the fact of a prior conviction increased the sentence beyond the statutory maximum, created an exception to the general rule. *Apprendi*, 530 U.S. at 489-90.

Contrary to Floyd's assertions, we find *Almendarez-Torres* was not overruled by *Apprendi*. *Id.* Accordingly, we reject this claim. *See Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating lower courts should not presume the Supreme Court has overruled one of its cases by implication; courts must follow case law that directly controls unless clearly overruled by subsequent Supreme Court case).

Floyd next claims his conviction of 18 U.S.C.A. § 111 is faulty because a county jailor acting under a federal contract should not be chargeable within the statute. Because this argument was rejected in *United States v. Murphy*, 35 F.3d 143, 145-47 (4th Cir. 1994), we again reject such a claim here.

Lastly, Floyd contends he received ineffective assistance of counsel at trial. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, Floyd must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Floyd's claim should be brought in a § 2255 proceeding.

We therefore affirm Floyd's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*